IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIRK JOHNSON, SR. and JAMES ALLEN, § § **Plaintiffs,** § § v. § § § **COASTAL PRIVATE PROTECTION** § **SECURITY, INC. and KIM PHILIP** § § **Defendants.** § § | Civil Action No. _____ <br><br> Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Kirk Johnson, Sr. and James Allen (sometimes collectively referred to as "Plaintiffs") bring this action against Defendants Coastal Private Protection Security, Inc. and Kim Philip (sometimes collectively referred to as "Defendants"), and respectfully allege as follows:

### INTRODUCTION

1. Plaintiffs bring this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act"), for, *inter alia*, unpaid minimum wage and overtime wages, liquidated damages, penalty wages, and attorney's fees and costs.

### THE PARTIES

2. Plaintiff Kirk Johnson, Sr. is an individual residing in Jefferson Parish, Louisiana. Mr. Johnson, Sr. formerly was employed with Defendants as a Security Guard.

3. Plaintiff James Allen is an individual residing in Orleans Parish, Louisiana. Mr. Allen was employed with Defendants as a Security Guard.

4. Coastal Private Protection Security, Inc. ("Coastal Security") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Kim Philip, 101 Warwick Street, LaPlace, LA 70068.**

1

5. Defendant Kim Philip is a corporate officer of Coastal Security and is an "employer" within the meaning of the FLSA and the Wage Payment Act.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

8. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA and had more than $500,000 in annual gross revenues. Defendants provide security guard services in locations throughout Louisiana and use materials that have been transported through interstate commerce, including security uniforms, supplies, and other materials.

9. Furthermore, Plaintiffs engaged in commerce within the meaning of the FLSA, and therefore are subject to individual coverage under the FLSA.

10. Defendants directed and monitored the work of Plaintiffs and other workers. For example, Defendants: (i) set Plaintiffs' schedules and work hours; (ii) assigned and monitored Plaintiffs' work; (iii) supervised and evaluated Plaintiffs' work; and (iv) determined the rates of pay for Plaintiffs.

11. Plaintiffs regularly worked more than forty (40) hours in a workweek for Defendants, but often were not paid all overtime wages for the time worked. Indeed, Defendants

routinely paid Plaintiffs their straight-time rate of pay for hours worked over forty in a workweek instead of 1 ½ times their regular rate of pay as required by the FLSA.

12. Plaintiffs' primary duties did <u>not</u> (a) involve the performance of office or non-manual work directly related to Defendants' general business operations or their customers, and (b) require the exercise of discretion and independent judgment.

13. Nor did Plaintiffs (a) manage a recognized department or subdivision of Defendants' operations, (b) customarily and regularly direct the work of at least two or more other full-time employees or their equivalent, or (c) have input into the hiring, firing, or promotion of other employees.

14. Furthermore, Defendants paid both Plaintiffs an hourly rate of pay, though Defendants claimed it was a $480/week salary. But even if Plaintiffs did receive a $480/week salary, they are still non-exempt employees because of the nature of their job duties.

15. Indeed, the Department of Labor investigated Defendants' pay practices and determined that Defendants had violated the FLSA.

16. In addition, Defendants often did not pay Plaintiffs for all hours worked during a workweek, including when Plaintiffs worked hours over forty in a workweek. In this respect, Plaintiffs often did not receive payment for all the hours they worked, including when Plaintiffs worked more than forty hours in a workweek.

17. Defendants also failed to pay Plaintiffs their straight-time rate of pay for many hours that Plaintiffs were required to work

18. By refusing to pay Plaintiffs for all hours worked, Defendants have violated the FLSA and the Louisiana Wage Payment Act.

19. Plaintiffs have made demand to Defendants for the compensation owed to them, but Defendants still have refused to pay the wages owed to Plaintiffs.

20. Defendants' denial of straight-time pay, minimum wage, and overtime compensation to Plaintiffs is, and has been, willful and deliberate.

## FIRST CAUSE OF ACTION
(Failure to Pay Minimum Wage and Overtime in violation of the FLSA

21. Plaintiffs incorporate by reference each allegation in the preceding paragraphs as though fully set forth herein.

22. The FLSA requires employers to pay all non-exempt employees: (i) at least the federal minimum wage of $7.25 per hour for all hours worked, and (ii) overtime compensation for all hours worked over forty in a workweek.

23. Defendants have deprived Plaintiffs of lawful compensation in violation of the FLSA as heretofore alleged.

24. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

25. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to damages equal to the amount of all uncompensated time, including minimum wage and overtime pay, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

26. Plaintiffs also seeks reasonable attorney's fees and costs, as provided by the FLSA.

## SECOND CAUSE OF ACTION
(Violations of the Wage Payment Act)

27. Plaintiffs incorporate by reference each allegation in the preceding paragraphs as though fully set forth herein.

28. Despite demands from Plaintiffs, Defendants have failed to pay them the wages due under the terms of their employment after their termination within the time period prescribed by the Wage Payment Act.

29. Accordingly, Plaintiffs are not only entitled to recover their unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

30. Plaintiffs hereby demand a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth their Complaint, Plaintiffs respectfully request that this Court order the following relief:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated the rights of Plaintiffs;

(b) Award Plaintiffs unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA;

(c) Award Plaintiffs attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by the FLSA;

(d) Award Plaintiffs unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act; and

(e) Award Plaintiffs any other legal and equitable relief that this Court deems just and proper.

Dated: September 17, 2019

Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By: s/Christopher L. Williams
Christopher L. Williams (T.A.)
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

***Attorney for Plaintiffs Kirk Johnson, Sr. and James Allen***