UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KIRK JOHNSON, SR., ET AL**                                   **CIVIL ACTION**

**VERSUS**                                                     **SECTION: "B"(1)**

**COASTAL PRIVATE PROTECTION**                                 **NUMBER: 19-12660**
**SECURITY, INC., ET AL**

# OPINION

Plaintiffs Kirk Johnson, Sr. ("Johnson") and James Allen ("Allen") move for entry of default judgment against defendants Coastal Private Protection Security Inc. and Kim Philip. Rec. Doc. 10.

For the reasons discussed below,

**IT IS ORDERED** that the motion be **GRANTED**.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action was filed on September 17, 2019 against defendants Coastal Private Protection Security Inc. ("Coastal") and Kim Philip ("Philip") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 ("FLSA") and the Louisiana Wage Payment Act, La R.S. 23:631 ("LA Wage Payment Act"). Rec. Doc. 1. Plaintiffs allege defendants failed to pay them overtime for hours over 40 in a work week and failed to pay all wages due upon termination of their employment. Id.

The Clerk of Court record indicates defendant Philips was personally served with the summons and complaint on September 20, 2019. Rec. Doc. 4. The record further indicates defendant Coastal

1

was served through personal service on Philips, as Philips is the designated corporate officer of Coastal. Rec. Doc. 5. Defendants response was due within 21 days of service, on October 11, 2019.

To date, defendants have not filed an answer or responsive pleadings in this record. On plaintiffs' motion, the Clerk of Court entered a default against defendant on October 22, 2019. Rec. Doc. 8. Consequently, plaintiffs filed the instant motion for entry of a default judgment on January 14, 2020.

## II. **CONTENTIONS**

Plaintiffs argue that default judgment should be entered against defendants because a default has been entered and plaintiffs are entitled to judgment as a matter of law. Rec. Doc. 10-1 at 3. Plaintiffs aver that based on the allegations of the complaint and the declarations submitted, plaintiffs can establish all elements of their claims under the FLSA and the LA Wage Payment Act. Id.

Plaintiffs assert that the relationship between the defendants and plaintiffs was that of an employer/employee status. Id. at 4. Plaintiffs contend their work as security officers for the defendants qualify them as employees within the meaning of the FLSA and LA Wage Payment Act. Id. Plaintiffs assert that defendants (1) issued plaintiffs checks;(2) hired and fired plaintiffs;(3) controlled plaintiffs' work schedules; and (4) controlled how, when, and where plaintiffs performed job duties. Id. at 5. Further,

2

plaintiffs contend that defendants retained control over how, when, and where plaintiffs performed job duties through policies and procedures issued by Philip. Id.

Plaintiffs assert they are covered by the FLSA through the FLSA's enterprise coverage provision. Id. Plaintiffs assert that this court and other courts have routinely found that security guards are covered under the enterprise coverage provision of the FLSA. Id.

Next, plaintiffs assert that though plaintiffs were non-exempt employees, defendants failed to pay straight time and overtime for hours worked in excess of 40 hours in a workweek. Rec. Doc. 10-1 at 6. Plaintiffs contend defendants paid plaintiffs $12.00 per hour for 40 hours of work regardless of how many hours they worked. Plaintiff contend that defendant's actions are in violation of the FLSA. Id.

Johnson asserts he was employed by defendants from October 19, 2015 to September 17, 2018, generally working 47.5 hours per week. Id. Johnson asserts he was only paid for 40 hours per week. Id. Johnson asserts he was not paid for a total of 1,132.5 hours of work. Id.

Allen asserts he was employed by defendants from September 30, 2018 to December 31, 2018. Id. Allen asserts he generally worked 47.5 hours per week but was only paid for 40 hours a week

by the defendants. Id. Allen asserts he was not paid for 97.5 hours of work. Id.

Further, plaintiffs assert they are entitled to liquidated damages in an amount equal to the unpaid overtime compensation because the defendants violated the FLSA. Rec.Doc.10-1 at 7. Plaintiffs argue that because the defendants have failed to respond the defendants cannot carry the burden of showing a good-faith defense to the liquidated damages. Id. As such, plaintiffs contend Johnson is entitled to $20,385 in liquidated damages and Allen is entitled to $1,755 in liquidated damages. Id.

Additionally, plaintiffs contend that defendants are liable for penalties under the LA Wage Payment Act. Id. at 8. Plaintiffs argue (1) that the wages were due and owed to the plaintiffs; (2) a demand for payment was made on defendants through the filing of this complaint; and (3) the defendants have failed to pay following the demand. Id. Plaintiffs asserts that defendants are liable for penalty wages for ninety days because defendants failed to pay the undisputed amounts due to plaintiffs. Id. Plaintiffs assert that at $12.00 per hour for the general 9.5 hours worked per day at 90 days, Johnson and Allen are each entitled to $10,260 in penalty wages under the LA Wage Payment Act. Id.

Last, plaintiffs contend that defendants are liable for attorney's fees and costs. Rec. Doc. 10-1 at 9. Plaintiffs assert that they have established a prima facie case to recover under the

4

FLSA and the FLSA provides for mandatory payment of attorney's fees and cost to prevailing plaintiffs. Id.  Moreover, plaintiffs contend that the LA Wage Payment Act also mandates an award of attorney's fees to a prevailing plaintiff. Id. at 11.

Therefore, plaintiffs aver that default judgment is warranted and should be entered against defendants in the amount of $74,548.90. Rec. Doc. 10-1 at 12.

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. When a plaintiff believes that a defendant is in default, it must first seek an entry of default under Rule 55(a). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). If the Clerk of Court enters a default, the plaintiff may then seek entry of default judgment under Rule 55(b). *See id.* Entry of a default judgment is discretionary; "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks and citations omitted). When considering whether there is a "sufficient basis in the pleadings" for the entry of a default judgment, the court must accept as true "the well-pleaded factual allegations in the plaintiff's complaint." *Meyer v. Bayles*, 559 F. App'x 312, 313

5

(5th Cir. 2014) (quoting *Nishimatsu Const. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. When deciding whether entry of default judgment is proper, courts weigh a series of factors:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

A. Subject Matter Jurisdiction

Before deciding whether to enter default judgment against defendant, the court must confirm its jurisdiction over the parties and this case.

The court has subject matter jurisdiction on the basis of federal question jurisdiction. *See* Rec. Doc. 1 ¶ 1 (citing 29 U.S.C. § 201). Accordingly, the Court has subject matter jurisdiction over this matter. *See* 28 U.S.C. § 1331. Plaintiffs also bring a claim under the Louisiana Wage Payment Act, La. R.S. 23:631. *See* Rec. Doc. 1 ¶ 1. Because the plaintiff's state law claim arises out of the same case and controversy, the court has supplemental jurisdiction. *See* 28 U.S.C. §1367(a).

B. Personal Jurisdiction

Turning to the question of personal jurisdiction, "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(k)(1)(A). Defendant, Coastal, is incorporated in Louisiana and its principal place of business is in Louisiana, therefore it is at home in Louisiana and Louisiana courts have general personal jurisdiction over Coastal. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 759 (2014). Defendant, Philip, is a corporate officer of the Coastal a Louisiana citizen. *See* Rec. Doc. 1 and 10-1 at 2. Defendants are therefore subject to general jurisdiction to the State of Louisiana.

   C. Service of Process

The Court must also confirm that defendant was properly served. A plaintiff may serve a corporation by delivering a copy of the summons and complaint to an officer or agent of the corporation. *See* Fed. R. Civ. P. 4(h)(1)(B). A summons was issued on September 18, 2019 to defendant, Coastal, "[t]hrough its registered agent for service of process, Kim Philip" and to "Kim Philip, wherever she may be found." Rec. Doc. 3. On September 20, 2019 Kim Philip was served with both the summons. Rec. Doc. 4 and 5. Therefore, service of process on defendants was proper because a registered agent of Coastal was served and Philip was served personally.

Having answered the questions of jurisdiction and service, the court must address the propriety of entering default judgment against defendants.

D. <u>Default Judgment</u>

As discussed above, on a motion for default judgment we accept as true plaintiff's factual allegation. Default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and ... ha[s] 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206).

Plaintiffs' complaint states that defendants failed to pay to pay plaintiffs straight time and overtime for hours works in excess of 40 hours in a workweek, although plaintiffs were non-exempt employees. Rec. Doc. 10-1 at 6. Defendant has failed to tender payment to plaintiffs for past due wages, despite the fact that plaintiffs have requested payment of the past-due wages through the filing of the instant suit Id. In support of its allegations, plaintiffs submit signed declarations, which indicate that Allen worked 47.5 hours per week between September 30, 2018 and December 31, 2018 and was only paid for 40 hours a week. Rec. Doc. 10-3. The signed declarations also indicate Johnson worked 47.5 hours between October 19, 2015 to September 17, 2018 and was only paid for 40 hours a week. Rec. Doc. 10-2.

    Plaintiffs have asserted a claim under the FLSA. 29 U.S.C. §207(a)(1) states:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Plaintiffs' complaint establishes, through the facts alleged and declarations attached, that plaintiffs worked in excess of 40 hours and were not paid one and one-half times the regular rate at which plaintiffs were employed. Because defendants have not filed any responsive pleadings, the facts alleged in plaintiff's complaint are deemed admitted. *See Nishimatsu*, 515 F.2d at 1206. Therefore, plaintiffs have stated a proper claim for relief under the FLSA.

    Additionally, plaintiffs have asserted a claim for under La R.S. 23:631, LA Wage Payment Act. Louisiana law states that:

> Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first. La. R.S. § 23:631

Plaintiffs' complaint establishes, through the facts alleged and declarations attached, that it was discharged and was not paid by the next regular payday or no later than fifteen days following

9

the date of discharge. As stated above defendants have not filed any responsive pleadings, thus the facts alleged in plaintiffs' complaint are deemed admitted. *See Nishimatsu*, 515 F.2d at 1206. Therefore, plaintiffs have stated a proper claim for relief under the La R.S. 23:631.

Default judgment is appropriate under the *Lindsey* factors listed above. First, there are no material issues of fact in dispute because defendants' failure to respond bars defendants from contesting the facts that are established by plaintiffs' complaint. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Second, defendants' failure to file responsive pleadings since service was made seven to eight months ago prejudices plaintiffs' interests by halting the adversary process. *See J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) ("failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Plaintiffs'] interests."); *Taylor*, 39 F. Supp. 3d at 814. Third, the grounds for default are clearly established given that there is proof the defendants were served the complaint and failed to file an answer, and the clerk of court subsequently entered default. Fourth, nothing in the record suggests that defendants' default is due to "good faith

mistake or excusable neglect." Fifth, defendants' "failure to file a responsive pleading or otherwise defend the instant lawsuit for more than [seven] months mitigates the harshness of the default judgment." *Taylor*, 39 F. Supp. 3d at 814; *see also J&J Sports*, 126 F. Supp. 3d at 814. Sixth, there is presently no basis to believe that the court would later need to set aside the default judgment. *See Taylor*, 39 F. Supp. 3d at 814; *J&J Sports*, 126 F. Supp. 3d at 814-15. Accordingly, the entry of default judgment against defendants is warranted in this case.

    E. Damages

Having concluded that entry of default judgment is appropriate, the only remaining issue to address is the question of damages. A court may, but is not required to, hold an evidentiary hearing to determine damages. *See* Fed. R. Civ. P. 55(b)(2)(B). Such a hearing is not necessary in this case because the declarations provided are sufficient to determine the issue of damages. Plaintiffs seeks $74,548.90 in damages. Rec. Doc. 10-1 at 12-13. Plaintiffs' complaint and corresponding declarations establish that it is entitled to $22,140 ($20,385 in unpaid overtime to Johnson and $1,755 in unpaid overtime to Allen) for unpaid overtime. Additionally, plaintiffs are entitled to liquidated damages in the amount of $22,140 ($20,385 to Johnson and $1,755 to Allen), because an employer who violates the FLSA is

liable for the unpaid wages and "an additional equal amount as liquidated damages." 29 U.S.C. § 216.

Under Louisiana Wage Payment Act, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days' wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. La. R.S. 23:632. Plaintiffs are entitled to $12.00 per hour for 9.5 hours per day for 90 days totaling $20,520 ($10,260 to each plaintiff).

Plaintiffs are also entitled to reasonable attorney's fees under both the FLSA and LA Wage Payment Act. Plaintiffs seek attorney's fees in the amount of $8,925 and related costs in the amount of $823.90 for the filing fee, cost of service of complaint, postage, printing and copying, and PACER expenses. Rec. Doc. 10-1 at 12-14. In support, plaintiffs submit a declaration by Christopher Williams, plaintiffs' attorney of record, a billing and expense record containing a breakdown of the number of hours worked, and invoices for service of process. Rec. Doc. 10-4. The Court finds the attorney's fees and related costs sought to be reasonable. Therefore, defendants are liable to plaintiffs for damages in the amount of $74,548, plus interest at the federal

12

rate from the date payment of wages were due to the date of judgment, and post-judgment interest on all sums allowed under law accruing from the date of default judgment until paid.

New Orleans, Louisiana this 10th day of July 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE